IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY DANIELS,

          CRIM. NO. 11-CR-00108
  Petitioner,          CASE NO. 12-CV-0167
          JUDGE MICHAEL H. WATSON
  v.         Magistrate Judge Elizabeth A. Preston Deavers

UNITED STATES OF AMERICA,

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner Gregory Daniels, brings the instant motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner's underlying conviction on receipt of visual depictions of child pornography in interstate commerce is the result of his June 21, 2011, negotiated guilty plea.  Doc. Nos. 17, 18.  On December 13, 2011, this Court imposed a sentence of sixty months imprisonment plus five years supervised release.  Doc. No. 35.  Petitioner did not file an appeal.

On November 19, 2012, he filed the instant § 2255 petition.  He asserts that he was denied effective assistance of counsel based on his attorney's failure to investigate or advise him of the entrapment defense.  He has withdrawn his second claim for relief.  See Reply, Doc. No. 52.  It is the position of the Respondent Petitioner's sole claim for relief lacks merit.

Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary due to ineffective assistance of counsel.  *See Memorandum in Support*, Doc. No. 43-1, PageID #345. He asserts that his attorney improperly failed to investigate or advise him of the entrapment defense and he therefore could not make a knowing and intelligent waiver of his right to a jury trial.  *Id.*  According to Petitioner, his attorney advised him that he had no viable defense to the

1

charge. Petitioner claims that, had he known about the defense of entrapment, he would not have pleaded guilty, but would have proceeded to trial. Thus, Petitioner asserts that his attorney performed in a constitutionally ineffective manner during plea negotiations.

The government contends that Petitioner's claim is untenable in view of the government's pre-trial motion on entrapment and Petitioner's admission that his attorney advised him he had no defenses to the charge against him.

On May 31, 2011, the government filed a *Motion for Pretrial Rulings* requesting, *inter alia*, that the Court preclude Petitioner from raising the entrapment defense in view of his "prior subscription to a child pornography website and possession, accessing and viewing of child pornography" which, according to the government, demonstrated his predisposition to commit the crime charged. Doc. No. 48, PageID#48. Respondent argues that this motion conclusively establishes that the issue of entrapment was raised by the defense and opposed by the government, thereby indicating defense counsel advised Petitioner of this available defense.

The record, however, fails to definitively establish that defense counsel advised Petitioner of the defense of entrapment, how it applied to the facts of this case, and whether or not he likely could obtain an acquittal with this defense at trial. This is the crux of Petitioner's claim. While Respondent has not attached an affidavit from defense counsel on the issue, and even assuming that it had, Petitioner's claim revolves around a factual dispute between Petitioner and defense counsel, which cannot be resolved without an evidentiary hearing.

Nearly forty years ago, the United States Supreme Court reiterated that the right to counsel guaranteed by the Sixth Amendment to the U.S. Constitution is the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a

complaint of ineffective assistance of counsel, a defendant must meet the now-familiar two-prong *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. The Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Put plainly, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.*

Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 692. Rather, a defendant must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel. *Id.* at 693. To do so, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different.  *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a defendant must satisfy both prongs of the Strickland test to demonstrate ineffective assistance of counsel, should the court determine that she has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The two-prong *Strickland* test for ineffective assistance of counsel also applies to a defendant's challenge to plea-negotiations in a criminal prosecution. *Missouri v. Frye,* ―― U.S. ――, ――, 132 S.Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366 (1985)). When a defendant challenges his counsel's performance as it relates to plea proceedings,

the "first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence" previously delineated by the Supreme Court. *Id*. "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *Id.* The Supreme Court further elaborated as follows:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id*. at 59–60 (internal citation omitted); *see also Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006) (quoting *Hill* 474 U.S. at 59) (noting that to establish prejudice, a "defendant must show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' "). "[T]he assessment of prejudice must include a prediction of the likely outcome at trial." *Id*.

The United States Court of Appeals for the Sixth Circuit has described the obligations of defense counsel as it relates to advice during the plea negotiations stage as follows:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (citing *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)).

> Supporting this duty is the concomitant obligation of conducting "reasonable investigations or [reaching] a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Counsel cannot responsibly advise a client about the merits of different courses of action, [and] the client cannot make informed decisions, ... unless counsel has first conducted a thorough investigation...." *Dickerson v. Bagley*, 453 F.3d 690, 694 (6th Cir. 2006) (noting that such an investigation "should begin as quickly as possible" in order to aid in plea negotiations (internal quotation marks omitted)). The Sixth Amendment does not require that counsel provide an absolutely correct assessment of the comparative risks of a guilty plea versus a trial, but the Supreme Court has "recognize[d] that counsel must at least be aware of such risks, especially where the lack of awareness directly impacts the reasoning behind whatever advice is provided."

*Titlow v. Burt,* 680 F.3d 577, 587 (6th Cir. 2012) (citation omitted), *reversed on other grounds*, 134 S.Ct. 10 (2013).

Here, Petitioner's claim presents a factual dispute for resolution by this Court. Petitioner contends that his attorney failed to explain the defense of entrapment, how it applied to the facts of this case, and whether or not it was a viable defense, thereby prohibiting Petitioner from

making an intelligent choice regarding whether or not he wanted to pursue a jury trial. This claim can only be resolved by an evidentiary hearing.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that counsel be appointed on Petitioner's behalf to represent him at an evidentiary hearing on his claim regarding defense counsel's failure to advise him regarding the entrapment defense.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*  
**Elizabeth A. Preston Deavers**  
**United States Magistrate Judge**

**Date:  April 2, 2014**